IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL FOREMAN,** | : | |
| | : | |
| **Plaintiff,** | : | CIVIL NO. 3:CV-06-0580 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **CRAIG LOWE, Warden,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## O R D E R

Plaintiff, Michael Foreman, a detainee of the Bureau of Immigration and Customs Enforcement ("ICE") at the Pike County Correctional Facility in Lords Valley, Pennsylvania, commenced this *pro se* civil rights action by filing a complaint pursuant to the provisions of 42 U.S.C. § 1983. Defendants are the Pike County Correctional Facility ("PCCF"), various officials at PCCF, ICE, and various ICE officials. The instant complaint challenges Plaintiff's placement in maximum security wing of PCCF, and he challenges the sufficiency of the legal research materials at the facility. He seeks monetary damages and return to general population. Plaintiff has been ordered removed from the United States by ICE. Pending before the Court is Plaintiff's Emergency Request For a Stay of Removal (Doc. 55). For the following reasons, Plaintiff's motion will be denied.

The United States Court of Appeals for the Third Circuit has held "that the proper standard of review for motions to stay removal is the traditional four-part test for adjudicating motions for preliminary injunction . . . ." *Douglas v. Ashcroft*, 374 F.3d 230, 234 (3d Cir. 2004). Consequently, to obtain a stay movant must demonstrate: (1) a likelihood of success on the merits of the underlying claim; (2) that irreparable harm would occur if the stay is not granted; (3) that the potential harm to the moving party outweighs

the harm to the opposing party if a stay is not granted; and (4) that the granting of the stay would serve the public interest. *Id*. at 233.

Assuming, only for the purpose of deciding the instant motion, that the underlying claim has merit, the Court concludes that there is no potential harm to Plaintiff in the context of this case, and the record is devoid of evidence that Plaintiff will be unable to pursue the instant complaint if he is removed from the United States. Further, the interests of society are served by permitting the removal of aliens that are removable by order of an appropriate court or tribunal. Thus, the Court finds that Plaintiff has failed to satisfy the four-part test for a stay of removal.

Accordingly, **THIS 15th DAY OF MARCH, 2007, IT IS HEREBY ORDERED THAT** Plaintiff's Emergency Request For a Stay of Removal (Doc. 55) is **DENIED**.

      /s/ A. Richard Caputo
      A. RICHARD CAPUTO
      United States District Judge